IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-509-CR




JOEL KIRBY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 35,177, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Tex. Rev. Civ. Stat.
Ann. art. 6701l-1 (West Supp. 1993). The court assessed punishment at incarceration for 180
days and a $400 fine, probated.

 In his only point of error, appellant complains that the court erred by granting the
State's challenge for cause to venire member Ruth Bailes. The State responds that the challenge
was properly granted because Bailes was biased against a phase of the law upon which the State
was entitled to rely for conviction. Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (West Supp.
1993). When reviewing rulings made during jury selection, appellate courts must accord great
deference to the trial judge, who was in the best position to view the panel member and assess
those factors such as demeanor and expression that do not appear in a cold record. Nichols v.
State, 754 S.W.2d 185, 195 (Tex. Crim. App. 1988).

 During voir dire questioning, Bailes indicated that she could not find someone
guilty of driving while intoxicated in the absence of scientific evidence of intoxication. The
prosecutor then asked, "[C]ould you find somebody guilty if you believed that they had lost the
normal use of their mental or physical faculties? And say that they refused to give a breath or
blood or whatever and so you don't have that scientific evidence, could you base your decision
just on whether or not they lost their normal use of their mental or physical faculties?" Bailes
replied, "I don't think so." Subsequent questioning by defense counsel did not produce any
significant change in the panelist's expressed view.

 Under article 6701l-1, a driver is deemed intoxicated if he does not have the normal
use of mental or physical faculties by reason of the introduction of an intoxicant into the body,
or if he has an alcohol concentration of 0.10 or more. Article. 6701l-1(a)(2)(A), (B). The
information in this cause alleged both theories of intoxication, and both were submitted to the jury
in the court's charge. (1) In her responses to the prosecutor's voir dire questions, Bailes indicated
a bias against one of these two statutory definitions of intoxication. The county court at law could
reasonably conclude that Bailes was biased against a phase of the law on which the State was
entitled to rely, and therefore did not abuse its discretion by granting the State's challenge for
cause. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 11, 1993

[Do Not Publish]
1. The arresting officer testified that appellant displayed the usual physical symptoms of
intoxication and that, in his opinion, appellant did not have the normal use of his mental or
physical faculties. Another officer testified that Intoxilyzer tests of two samples of appellant's
breath indicated alcohol concentrations of 0.103 and 0.105. The court instructed the jury not to
consider the results of the breath tests unless it first found beyond a reasonable doubt that certain
specified procedures were followed in conducting the tests.